UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
PAULETTE DICK,                                :   CASE NO. 5:06-cv-1436
                                              :
            Plaintiff,                        :   JUDGE JAMES S. GWIN
                                              :
vs.                                           :   OPINION AND ORDER
                                              :   [Resolving Docs. 38, 39 & 40]
MAC'S CONVENIENCE STORES, LLC,                :
                                              :
            Defendant.                        :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 12, 2006, Plaintiff Paulette Dick filed a Complaint alleging among other causes of action that have been withdrawn: (1) pregnancy discrimination; (2) failure to accommodate; (3) violation of public policy; and (4) retaliation. [Doc. 1.] On April 30, 2007, the Court issued an Opinion and Order granting Defendant Mac's Convenience Stores, LLC's Motion for Summary Judgment. [Doc. 35.] On June 5, 2007, Plaintiff filed a *pro se* Motion for Reconsideration. [Doc. 38.] On June 7, 2007, Defendant opposed the Motion for Reconsideration. [Doc. 39.] Additionally, on June 8, 2007, Plaintiff's attorney, Patrick Roche, filed a Motion to Withdraw as Counsel. [Doc. 40.]

For the following reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration and **GRANTS** Roche's Motion to Withdraw as Counsel.

**I. Legal Standard**

The Federal Rules do not describe motions to reconsider. The Sixth Circuit has held,

-1-

Case No. 5:06-cv-1436
Gwin, J.

however, that a motion to vacate and reconsider may be treated under Rule 59(e) as a motion to alter or amend a judgment. *Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979) ("a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment."). Such a motion is extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc*., 904 F. Supp. 644, 669 (N.D. Ohio 1995). In addition, Fed. R. Civ. P. 59(e) states "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." *See Sonnenblick-Goldman Corp. v. Nowalk*, 420 F.2d 858, 859 (3d Cir. 1970) (holding that a motion for reconsideration was governed by the 10 day filing requirement enumerated in Fed. R. Civ. P. 59(e)). Fed. R. Civ. P. 6(b) "specifically provides that a district court 'may not extend the time for taking any action under Rule . . . 59(b),' and courts have uniformly held that the ten-day period may not be enlarged under any circumstances." *Kelley v. St. Paul Fire & Marine Ins. Co.*, 856 F.2d 194 (6th Cir. 1988).

A court may grant a motion to amend or alter judgment if a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)). When the "defendant views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit."

Case No. 5:06-cv-1436
Gwin, J.

*Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991).

> The Sixth Circuit has stated:
>
> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and we will review such objections only to avoid a gross miscarriage of justice.

*Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994). Additionally, when opposing a motion for summary judgement, a plaintiff "may not rest upon the mere allegations, but . . . by affidavits . . . must set forth specific facts" or offer evidence for admission by some other acceptable method to support her motion. FED. R. CIV. P. 56(e).

## II. Analysis

On April 30, 2007, the Court issued an Opinion and Order granting Defendant's Motion for Summary Judgment, as well as a Judgment terminating this case. On June 5, 2007, Plaintiff filed a *pro se* Motion for Reconsideration. Given that Plaintiff's motion is treated as a motion to alter or amend a judgment, the motion was filed far beyond the ten day period permitted by Fed. R. Civ. P 59(e). As courts "have uniformly held that the ten-day period may not be enlarged under any circumstances," plaintiff's motion must be denied as untimely. *Kelley*, 856 F.2d at *9.

In addition, Plaintiff's motion asserts new facts and raises new objections to Defendant's characterization of Plaintiff's termination that were not contained within Plaintiff's Opposition to Defendant's Motion for Summary Judgment. Plaintiff neither provides an explanation as to why this information was not timely raised in her opposition nor suggests that this information was newly discovered. Likewise, Plaintiff makes no argument that failure to consider these new facts would result in a gross miscarriage of justice. Without such justification, the arguments raised in Plaintiff's

Case No. 5:06-cv-1436
Gwin, J.

Motion for Reconsideration must be deemed waived.

Finally, Plaintiff's motion remains unpersuasive because it relies upon bald assertions as opposed to admissible evidence. Fed. R. Civ. P. 56(e) requires that a plaintiff opposing summary judgment set forth specific information demonstrating a genuine issue of material fact by affidavit or some other acceptable means. Plaintiff's Motion for Reconsideration contains no such admissible evidence. However, even if the allegations set forth in Plaintiff's Motion for Reconsideration were (1) timely filed; (2) preserved; and (3) supported by affidavit or other admissible evidence, these arguments still fail to present a genuine issue of material fact as to whether Defendant's proffered business reasons for terminating the plaintiff were pretextual.

### IV. Conclusion

For all of the aforementioned reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration. Likewise, the Court **GRANTS** Roche's Motion to Withdraw as Counsel.

IT IS SO ORDERED.


Dated: June 25, 2007          s/    *James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE